# Supreme Court of Florida

_____

No. SC15-1925
_____

**RAFAEL YEE,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[March 30, 2017]

PER CURIAM.

We initially accepted review of the decision in State v. Yee, 177 So. 3d 72,

73-74 (Fla. 3d DCA 2015), based on conflict jurisdiction.  See art. V, § 3(b)(3),

Fla. Const.  After hearing oral argument, we conclude that jurisdiction was

improvidently granted and dismiss the petition.

It is so ordered.

LABARGA, C.J., and CANADY, POLSTON, and LAWSON, JJ., concur.
QUINCE, J., dissents with an opinion, in which PARIENTE and LEWIS, JJ.,
concur.

NO MOTION FOR REHEARING WILL BE ALLOWED.

QUINCE, J., dissenting.

Jurisdiction was properly granted to address the express and direct conflict between the Third District's decision in State v. Yee, 177 So. 3d 72, 73-74 (Fla. 3d DCA 2015), and this Court's decisions in Seibert v. State, 923 So. 2d 460, 468 (Fla. 2006); Riggs v. State, 918 So. 2d 274, 278-29 (Fla. 2005); and Rolling v. State, 695 So. 2d 278, 293-94 (Fla. 1997). The Third District majority failed to make the findings necessary to determine that exigent circumstances justified a warrantless search. To demonstrate exigent circumstances, the State must show the following: (1) an objectively reasonable basis for the officers in this case to believe that there is an immediate need for police assistance to protect life or substantial property interests, Seibert, 923 So. 2d at 468, or a grave emergency making a warrantless search imperative to police and community safety, Riggs, 918 So. 2d at 278-29; and (2) police lacked time to secure a warrant, Rolling, 695 So. 2d at 293.

A trial court's ruling on a motion to suppress is "clothed with a presumption of correctness," and the appellate courts must interpret the evidence and inferences made about that evidence in a manner most favorable to sustaining the ruling. Terry v. State, 668 So. 2d 954, 958 (Fla. 1996). Appellate courts must defer to the trial court's factual findings where supported by competent, substantial evidence. See State v. Hankerson, 65 So. 3d 502, 506 (Fla. 2011). The legal question is

reviewed <u>de novo</u> in the totality of the circumstances. <u>Id.</u>; <u>see</u> <u>Rodriguez v. State</u>, 187 So. 3d 841, 845 (Fla. 2015); <u>Seibert</u>, 923 So. 2d at 468; <u>Fitzpatrick v. State</u>, 900 So. 2d 495, 510 (Fla. 2005).

The Third District majority omitted trial court findings and facts without disputing them as unsupported by competent, substantial evidence. By omitting this evidence, the majority was able to liken its chosen facts to those in other Florida district court decisions in which the exigency exception was found in the context of a potential burglary. <u>Yee</u>, 177 So. 3d at 75-76. Effectively, the Third District treated an apparent burglary as an independent exception to the warrant requirement. No such exception exists. <u>See</u> <u>Mincey v. Arizona</u>, 437 U.S. 385, 393-95 (1978) (noting that a warrantless search is presumptively unreasonable on "the scene of a rape, a robbery, or a burglary").

Based on the foregoing, I would retain this case and address the issues on the merits.

PARIENTE and LEWIS, JJ., concur.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

      Third District - Case No. 3D14-369

      (Miami-Dade County)

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, Eleventh Judicial Circuit, Miami, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and Richard L. Polin, Bureau Chief, and Keri T. Joseph, Assistant Attorney General, Miami, Florida,

for Respondent